IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-02353-CMA-MEH

PLATTE RIVER POWER AUTHORITY,

    Plaintiff,

v.

GALLAGHER BENEFIT SERVICES, INC.,
LYNN BROWNLEE,
SHAWN ADKINS, and
LISA RAMIREZ,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This matter is before the Court on the Motion to Remand of Plaintiff Platte River Power Authority ("Platte River" or "Plaintiff") ("Motion to Remand"). (Doc. # 22.) For the following reasons, Plaintiff's Motion is granted and this action is remanded to Larimer County District Court for further proceedings.

### I.    BACKGROUND

Plaintiff initiated this action in the Colorado District Court for the County of Larimer on July 21, 2020. Plaintiff asserts three claims in its Complaint: (1) breach of contract of the Employee Benefits Consulting Services Agreement ("Consulting Agreement") against Defendant Gallagher Benefit Services, Inc. ("Gallagher"); (2) negligence for breach of the duty to advise and warn against all Defendants, and (3)

negligence for breach of the duty to procure an adequate insurance policy against all Defendants. (Doc. # 4.) It is undisputed that Plaintiff, Defendant Brownlee, and Defendant Ramirez are all citizens of Colorado. *See, e.g.*, (Doc. # 29 at 3); (Doc. # 33 at 7). Gallagher filed its Notice of Removal on the basis of diversity jurisdiction on August 7, 2020. (Doc. # 1.)

Plaintiff timely filed the instant Motion to Remand on September 4, 2020. (Doc. # 22.) Therein, Plaintiff argues that this action should be remanded for two independent and sufficient reasons: (1) complete diversity does not exist because Defendants Brownlee and Ramirez reside in Colorado; and (2) Platte River and Gallagher agreed to a forum selection clause that provides that "venue shall be in the County of Larimer, State of Colorado." Additionally, Plaintiff requests attorneys' fees and costs incurred as a result of Defendants' removal pursuant to 28 U.S.C. § 1447. Defendants respond that complete diversity does exist because Plaintiff fraudulently joined Lynn Brownlee, Shawn Adkins, and Lisa Ramirez (the "Individual Defendants") to this action.[1] (Doc. # 29 at 3–8.) Defendants further argue that the forum selection clause at issue is permissive, not mandatory, and does not bind the Individual Defendants because they were not parties to the Consulting Agreement that contains the forum selection clause. (*Id.* at 8–11.) Plaintiff filed a Reply on September 28, 2020. (Doc. # 33.)

---

[1] Defendants represent in their Response that Shawn Adkins is a resident of Tennessee. (Doc. # 29 at 2.) Plaintiff does not dispute this in its Reply. As such, the Court focuses solely on Plaintiff's claims against Defendants Brownlee and Ramirez in its analysis of the Motion to Remand. For the sake of clarity, the Court refers to Defendants Brownlee and Ramirez as the "Colorado Defendants" herein.

## II.　LEGAL STANDARDS

A defendant may remove a state civil action to federal court if the federal district court has subject matter jurisdiction. 28 U.S.C. § 1441. A federal court has subject matter jurisdiction over cases in which there is complete diversity of citizenship, that is the civil action is "between citizens of different States[,]" and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Section 1332(a) requires "complete diversity," i.e., no plaintiff may be the citizen of a state of which any defendant is also a citizen. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978).

Citizenship of all properly joined parties must be considered in determining diversity jurisdiction. *Frontier Airlines, Inc. v. United Air Lines, Inc.,* 758 F. Supp. 1399, 1403 (D. Colo. 1989). However, "[i]f the plaintiff fails to state a cause of action against [the] resident defendant who defeats diversity, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent" and that party is disregarded for jurisdictional purposes. *Id.* at 1403–04. This is not an easy showing to make. A federal court may not "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot v. Chicago, Rock Islands & Pac. R.R. Co.,* 378 F.2d 879, 882 (10th Cir. 1967). In other words, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against the resident defendant, the federal court must find that the joinder was proper and remand the case to state court." *Frontier Airlines,* 758 F. Supp. at 1404; *see also Montano v. Allstate Indem.,* No. 99-2225, 2000 WL 525592, at *1–2, 211 F.3d 1278

(10th Cir. Apr. 14, 2000) (unpublished) (to prove fraudulent joinder, the removing party must demonstrate that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court).

The burden of proving that removal is proper falls on the party asserting diversity jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Removal statutes are construed strictly and any doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). Defendants' burden here is substantial. *See, e.g.*, *Montano*, 2000 WL 525592, at *1 (noting the "heavy burden on the party asserting fraudulent joinder"). Although the court may look beyond the pleadings to determine whether the joinder was fraudulent, *see Frontier Airlines,* 758 F. Supp. at 1404–05, the standard for such review "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano,* 2000 WL 525592, at *2.

To that end, the federal court must "resolve any doubts in favor of the [p]laintiff and against the exercise of federal jurisdiction." *Torres v. Am. Fam. Mut. Ins. Co.,* No. 07-cv-1330-MSK-MJW, 2008 WL 762278, at *3 (D. Colo. Mar. 19, 2008). Moreover, a plaintiff need not show that all claims are proper; "remand is required if any one of the claims against the non-diverse defendant . . . is possibly viable." *Montano,* 2000 WL 525592, at *2. "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes

4

of diversity jurisdiction." *Spataro v. Depuy Orthopaedics, Inc.*, No. CIV 08-0274 JCH/LAM, 2009 WL 382617, at *5 (D.N.M. Jan. 9, 2009) (citing *Montano,* 2000 WL 525592, at *2).

### III.  DISCUSSION

Herein, the Court rejects Defendants' argument that the Colorado Defendants were fraudulently joined and, therefore, concludes that the Court lacks subject matter jurisdiction over this action because complete diversity is lacking. As such, the Court need not reach Plaintiff's alternative forum selection clause argument.

### A.  WHETHER THE COLORADO DEFENDANTS WERE FRAUDULENTLY JOINED

Defendants argue that Plaintiff's joinder of the Colorado Defendants is fraudulent because Plaintiff is unable to establish a cause of action against them in state court. (Doc. # 29 at 4) (quoting *Long v. Halliday*, 768 Fed.App'x. 811, 814 (10th Cir. 2019)). Specifically, Defendants argue that Plaintiff's negligence claims are incognizable against the Colorado Defendants because "[n]o Colorado caselaw imposes a contractual or other duty to alleged employees for the performance of their employer's alleged contracts" and "[t]he pleadings simply contain no facts establishing that the Individual Defendants had any heightened relationship to Plaintiff to support imposition of a legal duty." (Doc. # 29 at 4–5.) Accordingly, the Court considers (1) whether Colorado recognizes a claim for negligence against an insurance agent, and (2) whether Plaintiff obviously failed to state such a claim against the Colorado Defendants.

1. <u>Whether Colorado Recognizes a Claim for Negligence Against Insurance Agents</u>

The general rule under Colorado law is that an insurance agent does not have an affirmative duty to advise or warn his or her customer of provisions contained in an insurance policy absent a special relationship. *Kaercher v. Sater*, 155 P.3d 437, 441 (Colo. App. 2006) (citing *Estate of Hill v. Allstate Ins. Co.,* 354 F.Supp.2d 1192, 1197 (D. Colo. 2004)); *see also* 4 Couch on Ins. § 55:5 (3d ed.) ("Absent a special relationship between the insured and the insurer's agent, an insurer's agent has no duty to affirmatively advise or warn his or her customer of provisions contained in an insurance policy . . . ."). However, an exception to this general rule applies where a special relationship exists between the insured and the insurer's agent.

"Whether a special relationship has been formed turns on whether there is 'entrustment,' that is, whether the agent or broker assumes additional responsibilities beyond those which attach to an ordinary, reasonable agent possessing normal competencies and skills." *Kaercher v. Sater*, 155 P.3d 437, 441 (Colo. App. 2006). "Some of the factors relevant to developing entrustment between the insured and the insurer include: exercising broad discretion to service the insured's needs; counseling the insured concerning specialized insurance coverage; holding oneself out as a highly-skilled insurance expert, coupled with the insured's reliance upon the expertise; and receiving compensation, above the customary premium paid, for expert advice provided." *Parker by Parker v. State Farm Mut. Auto. Ins. Co.*, 630 N.E.2d 567, 570 (Ind. Ct. App. 1994) (cited approvingly by *Kaercher*, 155 P.3d at 441); *see also* 4 Couch on Ins. § 55:5 (same).

### 2. Whether It Is Possible for Plaintiff to State a Claim for Negligence Against the Colorado Defendants

In this case, Plaintiff has made factual allegations against the Colorado Defendants that go to the special relationship exception. For example, the Complaint alleges that "Defendants exercised broad discretion in serving Platte River's needs, including by agreeing to continual review of the organizational needs and objectives for the benefit plan design, assisting in plan management, plan budgeting, plan implementation, research and technical services, renewals and marketing, and assistance with plan compliance." (Doc. # 4 at 12.) The Complaint further alleges that Defendants "counseled Platte River regarding procuring specialized insurance coverage such as stop loss plans[,]" "held themselves out as highly-skilled insurance experts, and Platte River relied on them as such." (*Id.*) These allegations contradict Defendants' assertion that "[t]he pleadings simply contain no facts establishing that the Individual Defendants had any heightened relationship to Plaintiff to support imposition of a legal duty." (Doc. # 29 at 5.)

Based on these allegations, it is **possible** that a state court could find that the Complaint states a claim for negligence under Colorado law against the Colorado Defendants. As such, joinder of the Colorado Defendants was proper and remand is required. *See Frontier Airlines,* 758 F. Supp. at 1404 ("If there is even a possibility that a state court would find that the complaint states a cause of action against the resident defendant, the federal court must find that the joinder was proper and remand the case to state court."); *see also Smoot,* 378 F.2d at 882 (explaining a federal court may not "pre-try, as a matter of course, doubtful issues of fact to determine removability; the

issue must be capable of summary determination and be proven with complete certainty."). Whether Plaintiff has stated a **plausible** claim for negligence against the Colorado Defendants, including whether Plaintiff has plausibly alleged the existence of a special relationship, is for the state court to decide. *See Montano,* 2000 WL 525592, at *2 (explaining the standard of review for dismissing a claim under Fed. R. Civ. P. 12(b)(6) "entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced.").

## B.   ATTORNEYS' FEES

Plaintiff also moves the Court to award attorneys' fees and costs incurred as a result of removal pursuant to 28 U.S.C. § 1447(c). Although Defendants did not carry their "heavy burden" to prove fraudulent joinder of the Colorado Defendants, the Court does not find that Defendants had "no objectively reasonable basis for removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendants presented plausible arguments regarding potential deficiencies in Plaintiff's Complaint. *See id.* at 140 (the appropriate test for awarding fees should not undermine Congress' basic decision to afford defendants a right to remove as a general matter). Therefore, the concludes that Plaintiff is not entitled to attorneys' fees and costs.

## IV.   CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- the Motion to Remand of Plaintiff Platte River Power Authority (Doc. # 22) is GRANTED;

8

- this case is REMANDED to the Larimer County District Court for further proceedings;
- the parties shall bear their own costs and fees associated with removal; and
- the Clerk of Court is directed to close this case.

DATED: October 27, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge